IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTTSDALE INSURANCE COMPANY, )
)
              Plaintiff, )
)
v. )   No. 06-1009-WEB
)
REBECCA McREYNOLDS, )
)
              Defendant. )
)

**<u>Memorandum and Order</u>**

      This matter is before the court on the defendant's motion for attorney's fees. Doc. 115. Plaintiff has filed a response (Doc. 137) and defendant has filed a reply (Doc. 142). The issue is ripe for decision.

      I. *Summary*.

      After defendant Rebecca McReynolds' home was destroyed by fire, she made a claim against Scottsdale under her home owner's insurance policy. Scottsdale filed this action in January of 2006 seeking a declaration that it was not obligated to provide coverage. Doc. 1. Scottsdale also sought to recover from Ms. McReynolds over $32,000 that Scottsdale paid out before it decided coverage was not owed. McReynolds subsequently filed a counterclaim against Scottsdale, alleging that its failure to pay was a breach of the insurance policy.

      The matter was tried to a jury between June 2-9, 2009. The jury returned a verdict for Ms. McReynolds, finding she was entitled to recover an additional $76,082.11 from Scottsdale beyond the $32,417.89 previously paid by Scottsdale on the claim. The total value of the verdict to the defendant was thus $108,500.00.

The defendant has filed a motion to recover attorney's fees pursuant K.S.A. § 40-908. That statute provides in part that in an action in which judgment is rendered against an insurance company on a policy insuring property against loss by fire, the court shall allow a reasonable attorney's fee as part of the costs. Defendant has submitted itemized bills and affidavits in support of her contention that $132,735.50 represents a reasonable attorney's fee in this matter. Doc. 132 at 4. The total represents the work of five different attorneys and four legal assistants, with most of the work done by Mr. McHugh and Ms. Moe. Mr. McHugh billed over 250 hours of work in the case; Ms. Moe billed over 360 hours of work.

In response, Scottsdale argues that "the attorney fees appropriate in this case are between $35,000.00 and $45,000.00." Doc. 137 at 6. Plaintiff argues: that the hourly rate sought by defense counsel is excessive given counsel's experience level; that the hourly rates claimed by defense paralegals are unsupported; that numerous instances of "block billing" warrant a reduction of $16,540 in fees; that charges for inter-office meetings warrant a reduction of $12,916 in fees; that the inclusion of clerical or secretarial tasks warrants a reduction of $3,564 in fees; that duplication for unnecessarily having a second attorney or paralegal perform the same work warrants a reduction of $9,060.25, as well as a further reduction of $5,512.50 for Ms. Moe's work at trial; that the number of hours spent on dispositive motions was excessive; that fees relating to a motion to exclude expert testimony should be excluded; that defense counsel's contingency fee arrangement shows that a lesser fee is warranted; and that inadequate billing descriptions warrant a reduction of $1,020 in Ms. Moe's fee and $1,800 in Mr. Joseph's fee.

II. *Attorney Fee Standards*.

Section 40-908 is designed to provide for attorney fees for the homeowner upon

successful suit under the policy absent a tender by the insurance company. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). Such statutes are not designed to punish insurance companies, but to permit the allowance of fair and reasonable compensation to the insured's attorney. *Id*.

The procedure for determining a reasonable fee is essentially the same under Kansas and federal law. *See Terra Venture Inc. v. JDN Real Estate*, 242 F.R.D. 600, 603-04 (D. Kan. 2007). The court multiplies the number of hours reasonably expended by a reasonable hourly fee, resulting in the "lodestar" amount. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The moving party bears the burden of documenting the appropriate hours expended and the hourly rate. *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan*., 157 F.3d 1243, 1249 (10th Cir. 1998). Fees that are not supported by 'meticulous, contemporaneous time records' " identifying the specific tasks being billed should not be awarded. *Davis v. Miller*, 269 Kan. 732, 748, 7 P.3d 1223 (2000). The lodestar figure is the presumptively reasonable fee. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 39 F.3d 1482, 1493 (10th Cir.1994). The court may adjust the lodestar upward or downward as necessary. *Blum*, 465 U.S. at 888.

Rule 1.5(a) of the Kansas Rules of Professional Conduct requires an assessment of the following factors in determining reasonableness: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional

relationship with the client;  (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

   III.  *Discussion*.

   A.  Attorney & Paralegal Hours.

   In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).  The prevailing party must make a good-faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  A court "is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*.  The fee applicant should exercise billing judgment with respect to the number of hours worked and billed. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Billing judgment consists of winnowing hours actually expended down to hours reasonably expended. *Case*, 157 F.3d at 1250.

   *Block billing*.  The court agrees with plaintiff that several reductions are required in this case.  Scottsdale first argues that instances of "block billing" by defense counsel warrant a reduction in billable hours.  As Judge Robinson recently stated in *University of Kansas v. Sinks*, 2009 WL 3191707 (D. Kan., Sept. 28, 2009), block billing is the practice of lumping multiple tasks into a single entry of time such that the billing entry does not delineate how hours were allotted to specific tasks. *Id*. at *5 (citation omitted).  Although there is no rule mandating a

4

reduction or denial of a fee in such instances, the court may discount the requested hours if it finds that the records submitted do not allow it to determine how the hours were allotted to specific tasks and the reasonableness of that time. *Id*. Defendant has submitted apparently contemporaneously kept time records in this case that describe the activities engaged in by each attorney or paralegal. For the most part, the description of those activities is adequate to allow the court (and the plaintiff) to ascertain with reasonable certainty the activities engaged in and the time allotted to those activities. Indeed, the meticulous nature of the records has allowed plaintiff to meticulously assert challenges to the fees sought by defense counsel. Plaintiff has identified several instances of block billing, however, that make a determination of reasonableness impossible. For example, on 5/19/2007, attorney CMM billed 8 hours for what is described as: "Drafted motions in limine. Reviewed objections to Plaintiff's final witness and exhibit list. Reviewed motion in limine filed by Plaintiffs." On 6/21/07, CMM billed 6 hours for: "Put together expert disclosures. Reviewed materials from Crawford sent by Plaintiff. Met with MKM to discuss disclosures. Phone call to SMJ to discuss disclosures. Phone call to Dr. Moeller to discuss disclosures. Drafted disclosures pursuant to 26(a)(2)." On 6/7/2009, CMM billed 10 hours for what is described as: "Prepared direct examination of Dr. DeHaan and Dr. Moeller. Prepared closing. Meeting with Dr. DeHaan at the airport." On December 18, 2006, paralegal NLM billed 5 hours for "Read file; pull documents for DeHaan; telephone calls and emails to and from plaintiff's office regarding client interview; work with Steve Joseph on Internet research to load reader for .cda files; review payment to plaintiff's for expenses; copy documents for DeHaan." There are other instances of billing that make it difficult for the court to determine the time spent on particular activities and the reasonableness of those hours.

5

Although these instances are not extensive in the present case, some reduction is warranted. After reviewing the records, the court concludes that a 5% reduction in the hours submitted for Mr. McHugh and Ms. Moyer is appropriate based on instances of block billing. *Cf. Sinks, supra* (court made 12% reduction for block billing).

*Inter-office meetings*. Additionally, the court agrees with plaintiff that inter-office meetings and strategic conferences between attorneys (and/or paralegals) in the same firm are generally not chargeable. A significant hourly rate such as was charged here ($200 per hour by Mr. McHugh) reflects an assumption that the attorney is a knowledgeable practitioner capable of making necessary strategic decisions. There is nothing improper, of course, about consulting with other attorneys or employees of the firm, but such conferences will not ordinarily be compensable absent a showing that they were reasonable and necessary for proper representation. Conferences between co-counsel may be appropriate on particular discovery or trial issues where counsel have divided responsibilities and a specific need for discussion arises, but the burden is on the claimant to show that the activity was beneficial to the client and that compensation is appropriate. A review of the records provided, as well as the objections asserted by the plaintiff, lead the court to conclude that the following charges for inter-office conferences should be deducted from the fee awarded to defendant:

| | | | |
|---|---|---|---|
| 7/31/2006 | NLM | "Meeting with Ross Hollander... | 1 hour |
| | RAH | "Meeting with legal assistants... | 1.7 |
| 8/4/2006 | GDT | "Meeting with RAH and CMM... | .80 |
| | CMM | "Meeting with GDT and RAH... | .80 |
| 1/22/2007 | RAH | "Meeting with Messrs McHugh... | .90 |
| | CMM | "Meeting with SMJ and RAH... | .90 |

| Date | Initials | Description | Hours |
|---|---|---|---|
| 2/6/2007 | CMM | "Meeting with MKM... | .30 |
| | MKM | "Meeting with CMM... | .30 |
| 2/15/2007 | MKM | "Meeting with CMM... | 1 |
| 2/26/2007 | LDB | "Meeting with MKM... | 1 |
| | MKM | "Meeting with NLM... | 1 |
| | NLM | "[m]eeting with ... | 1.2 |
| | CMM | "Meeting with MKM | 1 |
| 3/14/2007 | CMM | "Discussed possibility ... | .5 |
| | NLM | "Conference with Chris McHugh.. | .5 |
| | MKM | "Meeting with NLM and CMM... | .5 |
| | CMM | "Conference with SMJ... | .3 |
| 3/22/2007 | MKM | "Meeting with CMM... | .4 |
| | CMM | "Meeting with MKM... | .4 |
| 3/27/2007 | CMM | "Meeting with MKM... | 1.5 |
| | MKM | "Meeting with CMM... | 1.5 |
| 5/2/2007 | MKM | "Meeting with CMM... | .3 |
| | CMM | "Phone call to MKM... | .3 |
| 5/18/2007 | CMM | "Meeting with MKM... | 2.7 |
| 6/6/2007 | NLM | "Telephone call... | 1.1 |
| | MKM | "Telephone call... | 1.1 |
| 6/7/2007 | MKM | "Meeting with CMM... | .5 |
| | CMM | "Meeting with NLM... | .5 |
| 6/12/2007 | CMM | "Meeting with RAH... | .5 |
| | MKM | "Meeting with CMM... | .6 |
| 6/14/2007 | NLM | "Meeting with Steve Joseph... | 2.1 |
| | CMM | "Meeting with NLM... | 1.1 |
| | MKM | "Meeting with CMM... | 1.1 |
| 7/25/2007 | MKM | "Conference with CMM... | .5 |
| | CMM | "Meeting with NLM... | .5 |
| 8/9/2007 | NLM | "Meeting with Chris McHugh... | 1 |
| | MKM | "Conference with CMM... | 1 |

|  |  |  |  |
|---|---|---|---|
|  | CMM | "Meeting with MKM... | 1 |
| 2/18/2009 | MKM | "Meeting with RAH... | 1 |
|  | CMM | "Meeting with RAH... | 1 |
|  | RAH | "Meeting with SMJ... | .7 |
| 4/15/2009 | MKM | "Prepared for meeting... | .3 |
|  | CMM | "Meeting with SKM... | 1.5 |
|  | MKM | "Meeting with CMM... | 1.5 |
|  | JMS | "Meeting with CMM... | 1.5 |
|  | RAH | "Meeting with CMM... | 1.5 |

*Duplication*. With regard to defendant's allegation of duplication – i.e. that the defense bills include charges for the time of two attorneys where one attorney reasonably could have represented the client – the court agrees that such fees are generally duplicative and may not be recovered. *See e.g., Dutton v. Johnson County Bd. of County Commr's.*, 1995 WL 337588, *3 (D. Kan., May 26, 1995) ("If two attorneys are present at a proceeding when one would suffice or the same task is performed by more than one lawyer, multiple or excess compensation should be denied."). The court finds that the following charges indicate duplicative or otherwise non-essential representation and should be reduced from the hours recoverable by the defendant:

| 8/25/2006 | RAH | "Court appearance... | .7 hours |
|---|---|---|---|
| 3/13/2007 | MKM | "Meeting with fire expert... | .5 |
| 3/26/2007 | CMM | "Traveled to and from... | 2 |
| 6/6/2007 | MKM | "Telephone call with Dr. ... | 1.1 |
| 6/21/2007 | CMM | "Put together expert... | 2 |
| 8/21/2007 | MKM | "Conference with CMM... | 1 |
| 12/13/2007 | CFW | "Scanned and saved... | 1.5 |
| 5/14/2009 | MKM | "Meeting with Dr. Ted.... | 1.7 |

| | | | |
|---|---|---|---|
| 5/23/2009 | MKM | "Meeting with Rebecca... | 1.3 |
| 5/30/2009 | MKM | "Meeting with Ms. McReynolds... | 2.5 |
| | JMS | "Meeting with Ted Moeller... | 4 |
| 6/1/2009 | JMS | "Trial preparation." [inadequate description] | 4 |
| | RAH | "Reviewed motions... | .9 |
| | MKM | "Prepared for cross examination... | 5 |
| 6/6/2009 | MKM | "Prepared for direct... [3 hours] | 3 |
| 6/7/2009 | MKM | "Prepared for direct... | 3.2 |

The court has considered but rejects plaintiff's argument that charges for Ms. Moe's attendance at trial should be excluded. As the Reply Brief points out, defense counsel divided up the witness examinations and Ms. Moe examined several witnesses at trial. The court concludes this was reasonable under the circumstances and that the charges for her participation at trial are appropriate and reasonable. *Cf. Dutton v. Johnson County Bd. of County Commr's.*, 1995 WL 337588, *3 (D. Kan., May 26, 1995) (an award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation).

*Clerical work*. Plaintiff objects to charges by paralegals for what plaintiff argues was essentially clerical work. As plaintiff points out, the Supreme Court stated in *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288, n.10 (1989) that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Plaintiff has identified a total of $3,564 in charges that it contends were for clerical services. Defendant's Reply Brief does not really address the issue. The court agrees that some of the charges include activities – such as printing, scanning or copying documents – that are clerical in nature and do not require the legal expertise of a paralegal. At the same time, most of the charges are for matters that involved

application of legal knowledge and training. *See id.* (paralegal work includes factual investigation; locating and interviewing witnesses, assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence). Under the circumstances, the court will reduce the requested hours for paralegal services by 20% to reflect the degree to which the time records show that time was spent performing essentially clerical activities. *Cf. University of Kansas v. Sinks*, 2009 WL 3191707, *8 (D. Kan., Sept. 28, 2009).

*Dispositive motions*. Plaintiff next objects to the number of hours spent by defendant on dispositive motions. According to plaintiff, the defense spent 75.7 hours on the defendant's summary judgment motion and 49.9 hours on defendant's Response to the plaintiff's motion for summary judgment. Defendant additionally billed 29.6 hours for the Reply Brief on her summary judgment motion, for a total of approximately 155 hours on summary judgment motions. Plaintiff argues that the hours are unreasonable in view of the fact that the same issues were involved in both sets of motions. Defendant does not challenge plaintiff's figures or its underlying argument, but asserts that the hours claimed are adequately supported by time records. Although the defense may well have expended the actual number of hours listed, the court concludes that the circumstances require some application of billing judgment. Billing judgment consists of winnowing the hours actually expended to hours *reasonably* expended. *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). As plaintiff points out, the summary judgment motions in this case overlapped, with both party's motions involving essentially the same set of facts and legal issues. An attorney exercising billing judgment would normally take this into account by reducing the hours

charged. Overlapping factual and legal issues mean there would be a fair amount of repetition or redundancy in the services performed on the motions. "The relevant question is not whether the motions were successful, or even necessary, 'but rather whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Sinks*, 2009 WL 3191707 at *4 (citation omitted). After considering the nature of the services performed, the issues presented in the motions, and all of the surrounding circumstances, the court concludes that a 40 hour reduction in the number of hours claimed – leaving a total of 115.2 hours expended – represents a reasonable amount of time for defense work on the summary judgment motions.

*Motion in Limine - Higday testimony*. Plaintiff next contends that no fees should be awarded for defense counsel's motion to exclude Mr. Higday's testimony, because the defense had already retained an expert of its own and thus "cannot, in good faith, claim that Mr. Higday's testimony was a surprise." The court rejects this argument in its entirety. Defendant's motion in limine was an appropriate response to plaintiff's attempt to elicit what amounted to expert testimony from Mr. Higday despite a lack of proper designation as an expert. When the court concluded that Higday's testimony would be allowed, defense counsel responded in a highly professional manner and arranged to call as a witness, on short notice, the expert it had previously retained. The court sees nothing unreasonable in defense counsel's actions or the time expended in connection with the motion in limine. On the contrary, the court finds the time to be entirely reasonable.

*Miscellaneous*. Plaintiff objects to a total of 5.8 hours billed by Ms. Moe for what is described in the billing records only as "Reviewed file." Plaintiff additionally objects to a 6-

11

hour charge by Mr. Joseph on 5/22/2007 for having "Reviewed and reorganized file." The court agrees that these charges have not been shown to be reasonably expended by defendant. Reviewing the file may be an appropriate activity, but defendant has failed to show the significance or purpose of these particular actions. The court concludes that defendant has failed to meet her burden of showing that these time expenditures are reasonable. They will be excluded from the recoverable attorney's fees.

*Summary of Reductions in Hours*. Based on the court's review and the foregoing findings, the following reductions to the "Timekeeper Summary" total hours billed by the defense [Doc. 132-2 at p. 27-28] will be made to reflect the hours reasonably charged in this case.

Block billing reduction:
    CMM:  253.3 hours minus 5% [253.3 x .05] = 12.6 hour reduction
    NLM:   108.2 hours minus 5%   [108.2 x .05] = 5.4 hour reduction

Inter-office Meetings:
    NLM: 6.9 hour reduction
    RAH: 4.8 hour reduction
    GDT: .8 hour reduction
    CMM: 14.8 hour reduction
    MKM: 12.6 hour reduction
    JMS: 1.5 hour reduction
    LDB: 1 hour reduction

Duplication:
    RAH: 1.6 hour reduction
    MKM: 19.3 hour reduction
    CMM: 4 hour reduction
    CFW: 1.5 hour reduction
    JMS: 8 hour reduction

Clerical:
    LDB: 34.5 hours minus 20% [34.5 x .2] = 6.9 hour reduction
    CFW: 6.1 hours minus 20% [6.1 x .2] = 1.2 hour reduction
    GDT: 7.9 hours minus 20% [7.9 x .2] = 1.5 hour reduction

JMS: 60.5 hours minus 20% [60.5 x .2] = 12.1 hour reduction
NLM: 108.2 hours minus 20% [108.2 x .2] = 21.6 hour reduction

Summary Judgment Hours.
MKM: 40 hour reduction

Miscellaneous.
MKM: 5.8 hour reduction
SMJ: 6 hour reduction

*Total Reasonable Hours*. Based on the court's review and the foregoing findings, the court finds that the following hours were reasonably billed:

CMM: 226.1 hours   [257.5 hours billed minus 31.4 hours reduction]

MKM: 292.5 hours   [370.2 hours billed minus 77.7 hours reduction]

RAH: 11.9 hours    [18.3 hours billed minus 6.4 hours reduction]

SMJ: 0 hours       [6 hours billed minus 6 hours reduction]

MAP: 1.2 hours

LDB:  26.6 hours   [34.5 hours billed minus 7.9 hours reduction]

CFW: 3.4 hours     [6.1 hours billed minus 2.7 hours reduction]

GDT: 5.6 hours     [7.9 hours billed minus 2.3 hours reduction]

JMS:  38.9 hours   [60.5 hours billed minus 21.6 hours reduction]

NLM:  74.3 hours   [108.2 hours billed minus 33.9 hours reduction]

B. Hourly Rates.

When determining the appropriate rate to apply to the reasonable hours, the district court should base its hourly rate award on what the evidence shows the market commands for analogous litigation. *United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234

13

(10th Cir. 2000). The party requesting the fees bears the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Id*. (citation omitted). In this instance, defendant has submitted an affidavit from Darrell L. Warta, an experienced attorney with the Foulston Siefkin law firm in Wichita, stating his opinion that the hourly rates and the total fee quoted by the defense are reasonable. His report asserts that the hourly rates cited – including $175-$200 per hour for Mr. McHugh and $150-$175 per hour for Ms. Moe – are reasonable and "consistent with and comparable to the prevailing rates charged for litigation in Wichita." Doc. 132-3 at 9. His supplemental report compares the rates charged by Mr. McHugh and Ms. Moe to rates charged by attorneys in his law firm with comparable years of experience. The plaintiff has not provided any affidavits or other evidence contradicting these reports. Plaintiff has cited several cases where lesser rates were allowed, but none of those cases appear to involve insurance claims recently litigated in the Wichita area. *Cf. University of Kansas v. Sinks*, 2009 WL 3191707, *12 (D. Kan., Sept. 29, 2009) (discussing Kansas City rates involving trademark litigation). Under the circumstances, the court concludes that the hourly rates cited by defense counsel in their motion are reasonable and are consistent with the prevailing rates for civil litigation of this kind in Wichita for attorneys of comparable experience.

By contrast, the defendant has not submitted any evidence to support the hourly rate of $80 for paralegal work on the case. The report of Mr. Warta does not discuss whether this represents a prevailing rate in Wichita. The court notes that plaintiff's counsel asked the defense to provide information on the training and experience of the paralegals who worked on the case, but the request was apparently declined. Doc. 137, Exh. B. Under the circumstances, the court

will approve an hourly rate of $60 for paralegal work as a reasonable rate. *Cf. Berroth v. Farm Bureau Mut. Ins. Co., Inc.*, 2003 WL 22102135 (D. Kan., Aug. 5, 2003) (approving rates of $55 and $65 for paralegal work in the Kansas City area); *Sinks, supra* (noting KBA survey showing median hourly rate for legal assistants in Kansas between $55 and $75, depending on experience). Defendant has not shown that the higher rate of $80 per hour claimed for three of its paralegals is warranted.

      C. *Lodestar Calculation*. The court finds the following to be the lodestar calculation representing the hours reasonably expended multiplied by the reasonably hourly rate.

CMM: $45,220      [226.1 hours x $200 per hour[1]]

MKM: $47,531.25      [146.25 hours x $175 per hour; 146.25 hours x $150 per hour[2]]

RAH: $2,380      [11.9 hours x $200 per hour]

SMJ: 0      [0 hours]

MAP: $240      [1.2 hours x. $200 per hour]

LDB: $1,596      [26.6 hours x $60 per hour]

CFW: $204      [3.4 hours x $60 per hour]

GDT: $336      [5.6 hours x $60 per hour]

JMS: $2,334      [38.9 hours x $60 per hour]

NLM: $4,458      [74.3 hours x $60 per hour]

---

[1] In view of the court's reduction of the number of hours reasonably billed, the court will apply the $200 per hour rate to all of Mr. McHugh's hours.

[2] Ms. Moe's hourly rate increased from $150 to $175 per hour during the course of the litigation. In view of the number of hours billed at each rate and the court's reduction in hours expended, the court finds it appropriate to apply the two different rates to half of the hours reasonably billed by Ms. Moe.

The total lodestar calculation from the foregoing comes to a total of $104,299.25. Although the court has discretion to deviate from the lodestar figure, the court concludes that it represents a reasonable fee in this instance. The relevant factors under Kansas Sup. Ct. Rule 1.5 show that a substantial attorney fee is appropriate in this case. The litigation presented several difficult questions and required a significant level of skill on defense counsel's part to prevail. The case involved a fair amount of discovery, substantial summary judgment motions, and numerous motions in limine. Expert testimony was presented from both sides at trial. There were numerous problems of proof and persuasion in defendant's case which defense counsel managed to overcome. There is no showing that acceptance of the case precluded other employment by defense counsel, but the case necessarily involved a significant time commitment over a period of several years. The defense had a contingency fee arrangement with Ms. McReynolds which reflected the somewhat speculative likelihood of recovery by the defendant. The court is familiar with Mr. McHugh's abilities and experience as an attorney because he has appeared before the court on several occasions in criminal matters pending before this court. His work has always been professional and thorough. The briefs indicate that Ms. Moe has relatively little prior litigation experience, although her work in this case was likewise competent and professional. In fact, the defense in this case was skillfully conducted and the court doubts that more experienced attorneys could have handled the case any better or reached a better result for their client. After considering all of the relevant factors, the court concludes that the lodestar figure represents the appropriate and reasonable attorney's fee for defense counsel's services in this case.

Defendant's invoice of attorney's fees includes itemized expenses in the amount of

$2,504.58, although defendant's motion concedes that only $76.50 of this amount is recoverable as a component of attorney's fees.[3] No dispute has been raised as to the $76.50 in related expenses claimed by defendant and the court finds this item to be reasonable.

IV. *Conclusion*.

The defendant Rebecca McReynold's Motion for Attorney's Fees (Doc. 115) is GRANTED. Defendant is awarded attorney's fees in the amount of $104,299.25 and related expenses of $76.50, for a total of $104,375.75, assessed against the plaintiff Scottsdale Insurance Company.

The parties are reminded that pursuant to Rule 58(e) and the court's prior order, the time to file an appeal in this case begins to run from the entry of this order disposing of the motion for attorney's fees.

IT IS SO ORDERED this 4th Day of December, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

---

[3] Defendant contends the remainder of these expenses are recoverable as costs taxed under 28 U.S.C. § 1920.